IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE TRAVELERS HOME AND MARINE )
INSURANCE COMPANY, )
    Plaintiff, )
     )
v. ) Civil Action No. 12-506
     )
CATHERINE HELTERBRAN, ALISSA )
HELTERBRAN, a minor, BRUCE )
KANTORIK and EILEEN KANTORIK, )
    Defendants. )

MEMORANDUM

Gary L. Lancaster,                                  May 9, 2012
Chief Judge.

       This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 (the "Act"). Plaintiff, the Travelers Home and Marine Insurance Company ("Travelers"), has filed a declaratory judgment action, seeking a determination that it is not obligated to indemnify any party to this action for injuries sustained as a result of a motor vehicle accident occurring on October 7, 2011, between defendants Bruce and Eileen Kantorik and defendant Alissa Helterbran. Alissa is the daughter of its insured, defendant Catherine Helterbran.

      For the reasons stated below, we decline to exercise jurisdiction over this action.

1

The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action. Rather, the Act provides that

> [i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). The Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995); see also State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000); Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (the Act is "deliberately cast in terms of permissive, rather than mandatory, authority") (internal quotations omitted). The United States Supreme Court has referred to the Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287 (internal quotations omitted) (citations omitted); see also Summy, 234 F.3d at 136.

The district courts' discretionary power to hear declaratory judgment actions is not open-ended, however. For instance, a district court does not have absolute discretion to

2

"decline jurisdiction over a declaratory judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." Id. at 134 (citing United States v. Commonwealth of Pennsylvania, Dep't of Envtl. Res., 923 F.2d 1071, 1076-79 (3d Cir. 1991)).

Federal district courts should, however, hesitate to exercise jurisdiction over declaratory judgment actions when declining jurisdiction "would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135. Moreover, district courts should discourage litigants from using the declaratory judgment action "as a method of procedural fencing, or as a means to provide another forum in a race for res judicata." Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1225 (3d Cir. 1989) (internal quotations omitted) (citation omitted); see also Nationwide Mut. Fire Ins. Co. v. Cassel, 881 F. Supp. 133, 135 (M.D. Pa. 1994). Thus, if there is a parallel state court proceeding involving the same issues and parties as the declaratory judgment action, and the declaratory judgment action is not governed by federal law, a district court should determine whether to refrain from exercising jurisdiction over the action. See Wilton, 515 U.S. at 290 (determining that a district court "acted within its bounds in staying . . . action for declaratory relief where

3

parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court"); Sta-Rite Indus., Inc. v. Allstate Ins. Co., 96 F.3d 281, 287 (7th Cir. 1996); Cassel, 881 F. Supp. at 135.

Moreover, in the absence of a challenge to jurisdiction, a district court may decline jurisdiction sua sponte. See Summy, 234 F.3d at 136. The interest of a state "in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum." Id. Furthermore, when state law is well established, there is even less reason for federal district courts to exercise jurisdiction over a declaratory judgment action, and, thus, district courts should rarely do so. Id.

On February 22, 2012, Bruce and Eileen Kantorik filed a complaint against Alissa and Catherine Helterbran in the Court of Common Pleas of Fayette County, Pennsylvania, alleging that the Kantoriks' injuries were caused by Alissa's negligent operation of a motor vehicle and Catherine's negligent entrustment of the vehicle to her daughter.

The state court action, which involves the underlying transaction and nearly all of the same parties as this declaratory judgment action, will require the state court to determine the facts underlying this insurance dispute. Thus,

4

judicial economy weighs in favor of the court declining to exercise jurisdiction. Travelers' federal declaratory judgment action is not governed by federal law, and the state law applicable to this case appears to be well established.

Therefore, in the interest of judicial economy, this court has decided to refrain from exercising jurisdiction over the declaratory judgment action filed in this court. Exercising jurisdiction over this declaratory judgment action would lead only to the promotion of duplicative and piecemeal litigation.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE TRAVELERS HOME AND MARINE )
INSURANCE COMPANY, )
     Plaintiff, )
)
v. ) Civil Action No. 12-506
)
CATHERINE HELTERBRAN, ALISSA )
HELTERBRAN, a minor, BRUCE )
KANTORIK and EILEEN KANTORIK, )
     Defendants. )

ORDER

AND NOW, this 9th day of May, 2012, IT IS HEREBY ORDERED that the Travelers Home and Marine Insurance Company's declaratory judgment action is dismissed without prejudice to the parties' right to fully litigate this matter in the appropriate state court.

BY THE COURT,

_____ C.J.

cc: All Counsel of Record